**In re Lillian E. BILLEWICZ, Esq.**

[641 A.2d 368]

No. 94-019

March 17, 1994. Pursuant to the recommendation of the Professional Conduct Board filed January 12, 1994, and approval thereof, it is hereby ordered that Lillian E. Billewicz, Esq., be publicly reprimanded and placed on probation for one year for the reasons set forth in the report of the Board attached hereto for publication as part of the order of this Court. A.O. 9, Rule 8E.

The period of probation shall begin on April 4, 1994, and end on April 3, 1995.

This matter came before us by way of a document entitled "Stipulation and Joint Recommendation" signed by bar counsel, Shelley A. Hill, and respondent, Lillian E. Billewicz, appearing pro se. In this document, respondent and bar counsel stipulated to certain findings of fact and conclusions of law. Also by this document, respondent waived her procedural rights under Administrative Order 9, including the right to contest any sanction which the Board might im-

pose or recommend to the Supreme Court.

We hereby adopt as our own the findings of fact and conclusions of law stipulated to by the parties. By way of summary, we note that less than five months after being admitted to the Vermont Bar respondent undertook representation of plaintiffs in a complicated personal injury case. She filed one claim in court and intended to file two others. Although respondent knew that the statute of limitations on all of these claims would toll in approximately nine months, she did not promptly or thoroughly review the file or prepare the case. Respondent did not become aware of critical problems of proof until two weeks before the statute of limitations expired. Respondent did not file all of the claims on behalf of her client in time to preserve them. Although respondent's failings appear to have more to do with her lack of experience than a lack of commitment, she nevertheless violated DR 6-101(A)(2) (a lawyer shall not handle a legal matter without adequate preparation) and DR 6-101(A)(3) (a lawyer shall not neglect a legal matter entrusted to her).

The area of critical concern to the Board, however, is respondent's manner of withdrawing her representation nine days before the statute of limitations tolled on the plaintiffs' claims. Respondent concluded, rightly or wrongly, that her clients were attempting to perpetuate a fraud and that she could no longer represent them. Although this may have been the correct ethical conclusion on her part, respondent erred in the way she withdrew.

Respondent filed a motion to withdraw, including a four-page affidavit which needlessly detailed and disclosed numerous secrets and confidences of her clients. This motion was filed in court and became a public document. Such an unauthorized disclosure of confidential information clearly violated DR 4-101(B)(1), which even an inexperienced practitioner should have known.

In imposing sanctions, we find numerous mitigating circumstances here: Respondent was inexperienced in the practice of law, cooperated fully with disciplinary proceedings, has no prior record, and is remorseful. In aggravation, we note the potential injury to her clients.

Respondent's state of mind was nothing more culpable than negligence. Applying Standards 4.23, 4.43, and 4.53 of the ABA Standards for Imposing Lawyer Discipline, we conclude that the proper sanction here is a public reprimand. See *In re Pressly*, 160 Vt. 319, 628 A.2d 927 (1993) (disclosure of secrets of client warranted public reprimand).

In addition, the Board believes that respondent should be placed on probation for one year. During this time, when respondent is uncertain or in doubt about matters involving ethical considerations, she shall consult with an experienced member of the Bar before proceeding.